IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EUGENE J. THOMAS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. L-10-1465 |
| MARY C. REESE,<br>*District Court of Maryland*<br>*Howard County;* and<br>SHEILA DAVENPORT,<br>*Clifton T. Perkins Hospital Center* | :<br><br>:<br><br>: | |
| Defendants | : | |

MEMORANDUM

Pending is a Complaint for damages and injunctive relief and Motion to Proceed in Forma Pauperis filed pro se by Eugene J. Thomas ("Thomas"). For reasons that follow, the Court will grant the Motion to Proceed in Forma Pauperis and dismiss the Complaint.

While the Court accords Thomas's pro se pleadings liberal construction, see Erickson v. Pardus, 551 U.S. 89 (2007), liberal construction does not mean that it can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, or assume the existence of a genuine issue of material fact where none exists. See Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). The Court is obliged to dismiss actions that fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e) (2).

The standard for dismissal for failure to state a claim is analyzed under Fed. R. Civ. P. 12(b) (6) which tests the sufficiency of a complaint. Under Rule 8(a) (2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In considering a motion to dismiss for failure to state a claim, a plaintiff's

well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, (2009).

In this action, Thomas claims he has been compelled to contract with the State of Maryland and held as a "surety" for charges against his "debtor." Other than naming the Honorable Mary C. Reese, Associate Judge on the Circuit Court for the District Court for Howard County and Sheila Davenport, Chief Executive Officer of Clifton T. Perkins Hospital Center, as defendants, Thomas does not allege that either Defendant acted wrongfully. He complains that an unnamed employee of the State of Maryland "coerced" him into "doing business" on or about February 4, 2010, and he was unlawfully arrested. He complains that he was improperly forced to see a psychologist and was determined to be incompetent to stand trial. Thomas requests damages and to be released from Clifton T. Perkins Hospital Center.[1]

It bears noting that to the extent Thomas might intend to fault the judge who presided over his state proceedings, judges, acting in their judicial capacity, are absolutely immune from

---

[1] Electronically accessed records show that criminal charges against Thomas in the Circuit Court for Howard County have been placed on inactive status due to his incompetency. See case numbers 13C10082469 and OT00068194. The records show that Thomas was released from commitment on February 18, 2010; thus his request for release appears moot.

2

suit under the doctrine of judicial immunity.  See Mireless v. Waco, 502 U.S. 9, 9, (1991); Stump v. Sparkman, 435 U.S. 349, 356, (1987).   Further, to the extent Thomas intends to hold Sheila Davenport culpable  for actions by Perkins employees for his alleged civil rights violations, the doctrine of supervisory liability does not apply in civil rights proceedings filed pursuant to 42 U.S.C. § 1983.  See Monell v. Department of Social Services, 436 U.S. 694 (1978).

Thomas raises no claim of constitutional violation pursuant to official policy.  Accordingly, Thomas has failed to state a claim upon which relief can be granted and the case will be dismissed by separate Order.

Dated this 29th day of September 2010.

/s/

_____
Benson Everett Legg
United States District Judge